# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-2619-JAR |
| ) | |
| KRISTIE A. ARMSTRONG, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff BNSF Railway Company ("BNSF") filed this negligence action alleging that Defendant Kristie A. Armstrong abandoned her motor vehicle on the tracks of a railroad crossing, causing property damages to BNSF's train and property. The action seeks compensatory and punitive damages. Before the Court is "Plaintiff's Request to Clerk to Enter Default Judgment Pursuant to F. R. Civ. Proc., Rule 55(b) and D. Kan. Rule 77.2(a)(6)" (Doc. 6). As described more fully below, the Clerk shall enter default against Defendant Armstrong, however, Plaintiff's motion for default judgment is denied without prejudice.

The Complaint in this matter was filed on December 10, 2014. Defendant Armstrong was personally served on December 13, 2014. A defendant must serve an answer within twenty-one days after being served with the complaint.[1] Defendant has failed to file or serve an answer or otherwise respond. When a party fails to plead or otherwise defend, and that fact is made to appear by affidavit or otherwise, default must be entered against that party.[2]

---

[1] Fed. R. Civ. P. 12(a)(1).

[2] Fed. R. Civ. P. 55(a).

1

Plaintiff attempted to proceed under Fed. R. Civ. P. 55(b)(1), which allows the clerk, rather than the court itself, to enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation."[3]  However, the present negligence action is not the type of action that involves a claim for a sum certain or a sum that can be made certain by computation.[4]  "Typically, Rule 55(b)(1) is used to collect a specific amount that was due on a specific date under a specific contract, such as the balance due on a student loan. Rule 55(b)(1) is not used when the amount of the judgment cannot be calculated with such certainty."[5]

Plaintiff must first apply to the clerk for entry of default under subsection (a) which states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[6]  If the clerk enters a default, plaintiff may then file a motion for default judgment under Fed. R. Civ. P. 55(b)(2).[7]  "A plaintiff may not seek default judgment before it has applied for entry of default."[8]

The Court will direct the Clerk to enter default under Rule 55(a) and will deny Plaintiff's motion for default judgment under Rule 55(b)(1) without prejudice to refiling it under the proper

---

[3] Fed. R. Civ. P. 55(b)(1).

[4] *See Meyers v. Pfizer, Inc.*, 581 F. App'x 708, 710 n.3 (10th Cir. 2014) (noting in a negligence case that the action does not involve a figure that can be readily computed).

[5] *Purity Bakery Bldg. Ltd. P'ship v. Penn-Star Ins. Co.*, No. 11-CV-0094-PJS/AJB, 2011 WL 1324973, at *2 (D. Minn. April 7, 2011).

[6] *Christenson Media Group, Inc. v. Lang Indus., Inc.,* 782 F. Supp. 2d 1213, 1222 (D. Kan. 2011) (citing Fed. R. Civ. P. 55(a)).

[7] *Id.*

[8] *Id.* at 1223 (citations omitted).

subsection.  After a motion is filed pursuant to Rule 55(b)(2), the Court will determine whether it needs to conduct a hearing or make referrals to determine the amount of damages.

**IT IS THEREFORE ORDERED BY THE COURT** that "Plaintiff's Request to Clerk to Enter Default Judgment Pursuant to F. R. Civ. Proc., Rule 55(b)and D. Kan. Rule 77.2(a)(6)" (Doc. 6) is **denied without prejudice**.  The Clerk is directed to enter default against Defendant Armstrong pursuant to Fed. R. Civ. P. 55(a).  Plaintiff may refile its motion for default judgment under Fed. R. Civ. P. 55(b)(2) and request a damages hearing.

**IT IS SO ORDERED.**

Dated: February 13, 2015

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE